IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01901-WJM-MEH

CHARLESA LEJEUNE,

      Plaintiff,

v.

RICHARD J. DINSMORE,
RICHARD J. DINSMORE, P.C., and
HUNEGS, LENEAVE & KVAS, P.A.,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), and Request for Same to be Converted to a Motion for Summary Judgment [filed October 13, 2016; ECF No. 34]. All parties have submitted briefs, and the Court finds that oral argument, which the parties did not request, will not assist in its adjudication of the motion. Because Plaintiff has not presented evidence demonstrating a genuine dispute of material fact, the Court recommends that the district court grant Defendants' Motion.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the

## BACKGROUND

### I.    Procedural History

Proceeding *pro se*, Plaintiff initiated this case on July 25, 2016.  Compl., ECF No. 1. Plaintiff's claims arise from Defendants' allegedly negligent legal representation.  *Id.*  Specifically, Plaintiff asserts Defendants allowed the statute of limitations to lapse in her medical malpractice action without filing suit.  *Id.* at ¶ 34.  Additionally, Plaintiff contends Defendants breached a contract to prosecute Plaintiff's claim.  *Id.* at ¶¶ 40–43.

Defendants responded to the Complaint by filing the present Motion.  Defs.' Mot., ECF No. 34.  Defendants argue summary judgment is proper, because another law firm represented Plaintiff at the time the statute of limitations on her medical malpractice claim ran.  *Id.* at 4–6.  On October 17, 2016, this Court issued a Minute Order advising Plaintiff to file a written response to Defendants' Motion on or before November 7, 2016.  ECF No. 36.  After Plaintiff failed to file a response by the deadline, the Court held a Status Conference, and extended Plaintiff's response deadline to November 30, 2016.  ECF No. 47.  On Plaintiff's motion, the Court then extended Plaintiff's deadline to January 6, 2016.  ECF No. 51.  Plaintiff again failed to comply with the Court's extended deadline.  Because Defendants support their Motion to Dismiss with documents outside the pleadings, the Court issued a Notice of Conversion to Summary Judgment pursuant to Fed. R. Civ. P. 12(d) on January 11, 2017.  ECF No. 53.  The Court permitted the parties to file additional briefing and/or affidavits on or before January 23, 2017.  *Id.*

On January 20, 2017, Plaintiff filed a Response.  Pl.'s Resp., ECF No. 54.  Plaintiff argues

---

aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

there are genuine issues of material fact remaining as to whether Defendants informed her when they terminated her representation and whether she was represented by other counsel prior to the expiration of the statute of limitations. *Id.* at 3–4. Defendants filed a Reply on January 23, 2017, which argues that summary judgment is proper, because Plaintiff does not provide any affidavits or other evidence to support her contentions. Defs.' Reply, ECF No. 55.

## II.   Findings of Fact

The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1.   On April 4, 2013, Plaintiff retained Defendants to represent her in a potential medical malpractice claim. Retainer Agreement, ECF No. 34-3; Aff. of Charles Cortez ¶ 2, ECF No. 34-2.

2.   On April 16, 2014, Defendant Richard Dinsmore sent a letter to Plaintiff, advising her that he is not licensed to practice law in Colorado and that he no longer represents her. ECF No. 34-4.

3.   On May 27, 2014, Benjamin Silva, an attorney who was licensed to practice in Colorado, sent a letter to Plaintiff thanking her for choosing his law firm to represent her. ECF No. 34-5.

4.   On May 30, 2014, Plaintiff signed a contingent fee agreement with the Silva Law Firm to represent her in a medical negligence claim against Lasik Plus. ECF No. 34-6.

5.   The two-year statute of limitations for Plaintiff's medical malpractice claim expired in late-July 2014. *See* Compl. ¶¶ 22–26; ECF No. 34-6, at 1.

## LEGAL STANDARDS

### I.      Treatment of a *Pro Se* Plaintiff's Pleadings

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less

stringent standard than is applicable to pleadings filed by lawyers.[2] [The] court, however, will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations

and citations omitted).   The Tenth Circuit has interpreted this rule to mean, "if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, this interpretation

is qualified in that it is not "the proper function of the district court to assume the role of advocate

for the pro se litigant."   *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998)

(citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### II.     Fed. R. Civ. P. 56

A motion for summary judgment serves the purpose of testing whether a trial is required.

*Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).   The Court shall grant

summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits

show there is no genuine issue of material fact, and the moving party is entitled to judgment as a

---

[2] The Court notes that Plaintiff's response contains a "Certificate of Preparation," which states that an attorney prepared the response.  Pl.'s Resp. 5.  Although this likely violates D.C. Colo. LAttyR 2(b)(1), the Court will not exercise its discretion to strike Plaintiff's response, as the assistance of counsel who has not entered an appearance is ultimately inconsequential to the Court's decision.

matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit

under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis

for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The moving party may carry

its initial burden either by producing affirmative evidence negating an essential element of the

nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence

to carry its burden of persuasion at trial."  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976,

979 (10th Cir. 2002).  Only admissible evidence may be considered when ruling on a motion for

summary judgment.  *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir.

1985).

If the movant properly supports a motion for summary judgment, the non-moving party has

the burden of showing there are issues of material fact to be determined.  *Celotex*, 477 U.S. at 322.

That is, the opposing party may not rest on the allegations contained in his complaint, but must

respond with specific facts showing a genuine factual issue for trial.  Fed. R. Civ. P. 56(e); *Scott v.

Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of *some* alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation

omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002).

These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c),

except the mere pleadings themselves."  *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th

Cir. 1998) (quoting *Celotex*, 477 U.S. at 324).  "[T]he content of summary judgment evidence must

be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules

of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

The Court recommends finding that Defendants are entitled to summary judgment on Plaintiff's negligence and breach of contract claims.  Regarding Plaintiff's negligence claim, Colorado law makes clear that, "when no attorney-client relationship exists between the plaintiff and the attorney, a court may properly dismiss a legal malpractice claim." *See, e.g.*, *Brown v. Silvern*, 45 P.3d 749, 752 (Colo. App. 2001).  Therefore, "an attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's actions." *Id.* (quoting *Steketee v. Lintz, Williams, & Rothberg*, 694 P.2d 1153, 1159 (Cal. 1985)); *see also Luttgen v. Fischer*, 107 P.3d 1152, 1157 (Colo. App. 2005) (affirming the trial court's order granting summary judgment on the plaintiff's legal malpractice claim, because the record established that the plaintiff terminated her attorney-client relationship with the defendant and hired replacement counsel before the statute of limitations expired).

Here, Defendants have presented evidence demonstrating that their representation of Plaintiff ceased and Plaintiff retained other counsel before the expiration of the statute of limitations.  Three months prior to when the statute of limitations ran, Defendants sent a letter to Plaintiff, which states, "As we advised you, we are not authorized to practice in Colorado. . . . I advised Mr. Cortez to

inform you that there was nothing further that we could offer and that you should seek representation on your own."  ECF No. 34-4, at 1.  Additionally, two months before the statute of limitations ran, Plaintiff signed a contingency fee agreement with a separate law firm, which specifically states that the new firm will represent her in her medical negligence claim against Lasik Plus.  ECF No. 34-6.  Therefore, Defendants' evidence establishes that at the time the statute of limitations expired, Defendants did not owe Plaintiff a duty under Colorado law.

Plaintiff does not provide contradictory evidence.  Instead, Plaintiff asserts without support that she did not receive Defendants' April 16, 2014 letter, as it was sent to her address in Utah where she no longer resided.  Pl.'s Resp. ¶ 6.  Additionally, Plaintiff asserts she "does not recall signing a retainer agreement with The Silva Law Firm . . . ."  *Id.* at ¶ 9.  It is axiomatic that "a plaintiff may not, in defending against a motion for summary judgment, rest on mere allegations . . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986); *see also Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (stating that, in defending against a properly-supported motion for summary judgment, a party may rely on any type of admissible evidence "except the mere pleadings themselves." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))).  Therefore, Plaintiff's unsupported assertions in her Response are insufficient to rebut Defendants' evidence.  Moreover, even if the Court were to treat Plaintiff's Response as an affidavit, her statement that she "does not recall signing a retainer agreement" would not be sufficient to create a genuine issue of material fact over whether she was represented by a separate law firm.  Plaintiff's inability to remember signing a document does not contradict evidence that he did in fact sign the document.  Therefore, because Defendants have provided uncontradicted evidence that they did not owe Plaintiff a duty at the time of the alleged wrongdoing, summary judgment is proper on Plaintiff's negligence claim.

Plaintiff's second claim for relief alleges that, by failing to file a lawsuit within the statute

of limitations, Defendants breached their contractual promise to prosecute Plaintiff's claim.  Compl.

¶¶ 40–43.  Although the retainer agreement between Plaintiff and Defendants is certainly a contract,

Defendants did not promise in the agreement to file a lawsuit on behalf of Plaintiff.  ECF No. 34-3.

To the contrary, the agreement states:

> I acknowledge that the law firm has not told me that I have a valid claim because no
> opinion about the merits of my claim can be reached until completion of their
> investigation.  I approve of the law firm retaining local attorneys to assist in the
> handling of my lawsuit, if necessary . . . .

*Id.*  Because Plaintiff has not provided evidence that Defendants promised to file a suit on her behalf,

the Court recommends finding that Defendants are entitled to summary judgment on Plaintiff's

breach of contract claim.  *See Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 61 (Colo. App. 1999) ("A

claim asserting a breach of contract is based on a party's failure to perform promises mutually

bargained for and agreed upon by the parties to the contract."); *Patzer v. City of Loveland*, 80 P.3d

908, 911 (Colo. App. 2003) (holding that a breach of contract claim should be dismissed where

"plaintiffs did not point to any specific contractual language upon which they based their breach of

contract claim.").

## CONCLUSION

In sum, Defendants have presented evidence that they terminated their representation of

Plaintiff before the statute of limitations ran on Plaintiff's medical malpractice claim.  Additionally,

Defendants' evidence makes clear that Plaintiff was represented by another law firm at the time her

statute of limitations expired.  Plaintiff has not provided contradictory evidence.  Moreover, Plaintiff

offers no evidence that Defendants agreed to file a lawsuit on her behalf.  Accordingly, the court

**recommends** that Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), and Request for

Same to be Converted to a Motion for Summary Judgement [filed October 13, 2016; ECF No. 34]

be **granted**.

Entered and dated at Denver, Colorado, this 27th day of January, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge